Judge Davidge
delivered the opinion of the Court.
THIS was an action of debt, brought by the commissioners of the Bank against John Small, upon a note executed by him to them, negotiable and payable at the Bank, in trust for the use and benefit of said Bank.
The defendant demurred to the declaration, which was overruled; demurrer withdrawn, and three special pleas filed, which were demurred to; joinders; demurrers sustained; a fourth plea Was then offered in the room of the third, which the court refused to permitió be filed. The defendant excepted to the opinion of the COurt m refusing leave to file his fourth plea, and has 0 j. 1 brought this cause here by appeal.
The second and third pleas were evidently bad, and court correctly sustained the demurrers to them.
The fourth plea, although good upon the face of it. was a character that rendered it necessary to be verified by affidavit; and for want of an affidavit, the court was in not receiving it.
The first plea presents more difficulty. It alleges that the writing declared an, was given in consideration of his (Small’s) having been indorser for Samuel H. *89 Curd, on certain notes made negotiable and payable at the Farmers’ and Mechanics’ Bank of1Logan, and which notes had been protested for non-payment, &c. and states, that believing himself bound for the amount of said notes, he executed the note in the declaration mentioned, and avers that he was not bound to pay said notes, or any part of them, never having had legal notice of the protest.
aver. ment that the-notehadbeea indorsed to the Bank, may be tan-tamountto aa ^eenthere discounted; butanaver- ^ there protested, will noi amount to w*
Mandafé,
Bibb,for appellants; Sharp, for appellee.
The difficulty we have had on this plea, arose from its Hot sufficiently showing that the original notes which are alleged to be the consideration of the note sued on, were discounted. If the original notes were not discounted, and we cannot say lhey were, they were not placed on the footing of foreign bills of exchange, and no notice would be necessary to charge the indorser; but had the original notes been discounted, the want of notice to the indorser, would have been tantamount to payment, and discharged him. 1 Dallas 235; 5 Burr, 2671.
We are aware that it has been recently decided, that from an indorsement of a note to the Bank, the law will imply its discount — 2 Litt. Rep. 379. But to support the present plea, we should be compelled to say, that a note not indorsed to the Bank, but protested there, had been discounted. Such a doctrine might be attended with incalculable injury to individuals, by placing their private notes on the footing of foreign bills of exchange, contrary to the intention of the parties. The court below correctly sustained the demurrer to this
The judgment must be affirmed with costs and six per cent, damages from the time of praying the appeal up to the present time.